IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEWAYNE SCOTT CUNNINGHAM, | ) | |
| AIS # 190108, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-CV-153-WKW |
| | ) | [WO] |
| YES CARE CORP., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION

Plaintiff Dewayne Scott Cunningham, an inmate proceeding *pro se*, has filed

a 42 U.S.C. § 1983 complaint.  (Doc. # 1.)  The complaint is before the court for

screening under 28 U.S.C. § 1915(e)(2)(B).  After review, Plaintiff's complaint must

be dismissed prior to service of process pursuant to § 1915(e)(2)(B); however,

Plaintiff will be given an opportunity to amend his complaint.

## II.  STANDARD OF REVIEW

Plaintiff, a prisoner, is proceeding *in forma pauperis* (IFP).  (Doc. # 3.)  Under

the IFP provisions of § 1915, any complaint filed is subject to mandatory court

review.  Section 1915 requires that the court dismiss a complaint, or any part of it,

on its own initiative, if the allegations are frivolous or malicious, fail to state a claim

on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  § 1915(e)(2)(B)(i)–(iii).

A complaint is subject to dismissal under § 1915(e)(2)(B)(i)–(ii) "for both frivolousness and failure to state a claim" if it "lacks even an arguable basis in law." *Toussaint v. U.S. Attorney's Off.*, 2025 WL 2237376, at *3 (11th Cir. Aug. 6, 2025) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)).  A complaint lacks an arguable basis in law when it relies on "an indisputably meritless legal theory."  *Neitzke*, 490 U.S. at 327.  Such claims include those where "it is clear that the defendants are immune from suit and claims of infringement of a legal interest which clearly does not exist."  *Id.* (citation omitted).

A complaint also must be dismissed at the statutory screening stage if it fails to state a claim upon which relief may be granted.  *See* § 1915(e)(2)(B)(ii).  This review follows the same standard governing dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008).  Hence, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  To meet the plausibility standard, the plaintiff must plead factual

2

content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "plain statement possessing enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

*Pro se* pleadings are liberally construed and held "to less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, the allegations still "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 557. The court cannot "rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Escambia Cnty.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by*, *Iqbal*, 556 U.S. 662.

### III. THE COMPLAINT'S ALLEGATIONS

In his threadbare complaint, Plaintiff alleges that "they" are improperly administering medications "that are ordered for 12 hours apart." (Doc. # 1 at 2.) He claims that "on many day[]s," but specifically, December 21, 2025, and February 28, 2026, "their computer [system] will show . . . that they are illegally administering med[]s that are ordered for '12 hours apart.'" (Doc. # 1 at 3.) As relief, he requests

$100,000 in monetary damages for the mental and emotional stress caused by not being able to take his medications properly.  He also requests a court order directing that "they" administer his 12-hour medications properly.  (Doc. # 1 at 4.)

### IV.  DISCUSSION

Plaintiff brings this suit under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

§ 1983.  To state a claim under § 1983, a plaintiff must allege two elements.  First, he must allege a violation of a right protected by federal law, and second, he must allege that the violation was committed by a person acting under color of law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *accord Beaubrun v. Dodge State Prison*, 2025 WL 2490396, at *3 (11th Cir. Aug. 29, 2025) (per curiam).

### A.    The Named Defendants

In his complaint, Plaintiff names as Defendants "Yes Care Corp" ("YesCare"), the "Director of Nursing Staff," and the "Nursing Staff at Staton Corr. Facility."

#### 1.    *YesCare:  Municipal Liability*

YesCare, a private entity that contracts to provide medical services to inmates, "performs traditional state functions and, therefore, is treated as a municipality for

purposes of § 1983 claims." *Roy v. Ivy*, 53 F.4th 1338, 1347 (11th Cir. 2022). To impose § 1983 liability on a municipality, "a plaintiff must show:  (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

As discussed *infra* Part IV.B., Plaintiff has not sufficiently alleged a violation of his constitutional rights.  But even if he had alleged a constitutional violation, Plaintiff has not alleged that YesCare has a custom or policy constituting deliberate indifference, let alone that any custom or policy caused a constitutional violation. Plaintiff thus has failed to state an Eighth Amendment deliberate-indifference claim against YesCare.

### 2. *"Director of Nursing Staff" and "Nursing Staff at Staton Corr. Facility": Impermissible Fictitious-Party Pleading*

Plaintiff's attempt to sue the "Director of Nursing Staff" and the "Nursing Staff at Staton Corr. Facility" constitutes impermissible fictitious-party pleading. "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).  However, the Eleventh Circuit recognizes a limited exception to the general rule when the plaintiff's description of an unnamed defendant is specific enough to allow service of process on that defendant.  *See Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992).  In

5

deciding if a plaintiff should be allowed to proceed against an unnamed, fictitious defendant, a relevant consideration is whether "it [is] clear that discovery would uncover [the] defendant's identity." *Id.* "But [Eleventh Circuit] precedent has never permitted [fictitious party] pleading solely on the ground that discovery might reveal an unnamed defendant's identity. Instead, . . . precedent has always required an unambiguous description of a defendant that enables service of process." *Vielma v. Gruler*, 808 F. App'x 872, 880 (11th Cir. 2020) (per curiam).

Plaintiff relies on the vague label of "Director of Nursing Staff" and the overbroad label of "Nursing Staff at Staton Corr. Facility" rather than asserting factual allegations against specific, identifiable actors. Thus, his pleading fails to meet the plausibility standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and likewise fails to state a claim against these purported Defendants. Moreover, the complaint neither identifies nor sufficiently describes the "Director of Nursing Staff" or the "Nursing Staff at Staton Corr. Facility," only that "they" improperly administered his medications meant to be administered 12 hours apart on two occasions. Plaintiff's "descriptions" of these Defendants are insufficient to allow service of process, causing Plaintiff to not fall within the Eleventh Circuit's fictitious-party pleading exception. Therefore, Plaintiff will not be allowed to proceed against these fictitious-party Defendants as currently named in the complaint.

B.    **Deliberate Indifference to Plaintiff's Serious Medical Needs**

The allegations in the complaint, liberally construed, attempt to assert an Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs.  The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII.  The Eighth Amendment's "cruel and unusual punishment" prohibition "should be understood to prohibit government officials from exhibiting 'deliberate indifference to [the] serious medical needs of prisoners.'"  *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)).  "To establish liability on a deliberate indifference claim, a plaintiff must demonstrate that:  (1) the injured party suffered a deprivation that was objectively[,] 'sufficiently serious,' and (2) the defendant acted with 'subjective recklessness as used in the criminal law.'"  *Wingo v. WellStar Health Sys., Inc.*, 160 F.4th 1184, 1190 (11th Cir. 2025) (quoting *Wade*, 106 F.4th at 1262).  "To meet the second step, the plaintiff must show that the 'defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff.'"  *Id.* at 1190–91 (quoting *Wade*, 106 F.4th at 1262).

Plaintiff's liberally construed deliberate-indifference claim fails at both elements.  First, Plaintiff has not alleged an objectively, sufficiently serious deprivation.  He conclusorily asserts that "on many day[]s," but specifically "on

12/21/25 and 02/28/26," his medications, which were prescribed to be taken "12 hours apart," were "illegally" administered. (Doc. # 1 at 3.) He provides no information about the type of medications, their purpose, how the medications were improperly administered (*e.g.*, too early or too late), and how imperative it is that he take these medications exactly 12 hours apart. Second, Plaintiff has not plausibly alleged that Defendants were actually, subjectively aware that their actions pertaining to the administration of his medications posed a substantial risk of serious harm to him. Consequently, the allegations in their current form do not plausibly state an Eighth Amendment deliberate-indifference claim against Defendants.

## C.     Amendment to the Complaint

Based on the foregoing, Plaintiff's 42 U.S.C. § 1983 complaint must be dismissed prior to service of process as frivolous and for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii). However, in light of Plaintiff's *pro se* status, he will be given an opportunity to amend his complaint. "[B]efore dismissing a complaint, a district court 'must' give a pro se party 'at least' one chance to amend the complaint if a more carefully drafted complaint might state a claim." *Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023) (citation omitted).

8

## V.  CONCLUSION

Based on the foregoing, it is ORDERED that Plaintiff must file an amended complaint on or before **April 22, 2026**.  The amended complaint must:

1. Include only those *specific* Defendants whom Plaintiff contends are personally responsible for the alleged violations of his constitutional rights:

   a. Provide a name for the Defendant identified as the "Director of Nursing Staff," or if Plaintiff cannot ascertain this name, he must so inform the court;

   b. Provide the names of the specific members of the "Nursing Staff at Staton Corr. Facility";

2. Specify the actions or omissions of <u>each</u> Defendant that led to the alleged constitutional violations;

3. Describe how the acts or omissions of <u>each</u> Defendant harmed him; and

4. Describe when and where these alleged violations occurred.

To aid Plaintiff in complying with this Order, the Clerk of Court is DIRECTED to provide him with a copy of the form used by prisoners to file § 1983 actions:  Pro Se 14 (Rev. 12/16), Complaint for Violation of Civil Rights (Prisoner). **<u>Plaintiff must use the provided form to file his amended complaint.</u>**  The amended complaint will supersede the original complaint such that this action will proceed only as to Defendants named and the claims presented in the amended complaint.

Plaintiff is reminded that he must inform the court and Defendants (or, if represented, Defendants' counsel) of any change in his address within 14 days following such change of address.  Plaintiff is CAUTIONED that failure to comply with the terms of this Memorandum Opinion and Order will result in dismissal for failure to prosecute and comply with an order of the court.

DONE this 1st day of April, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE