IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DEWAYNE SCOTT CUNNINGHAM,    )
AIS # 190108,                )
                             )
            Plaintiff,       )
                             )
        v.                   )       CASE NO. 2:26-CV-153-WKW
                             )               [WO]
YES CARE, *et al.*,          )
                             )
            Defendants.      )

## MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION

Plaintiff Dewayne Scott Cunningham, an inmate proceeding *pro se*, filed a 42 U.S.C. § 1983 complaint.  (Doc. # 1.)  Based upon screening of that complaint pursuant to  28 U.S.C. § 1915(e)(2)(B), it was determined that the complaint had to be dismissed prior to service of process; however, Plaintiff was given an opportunity to amend.  (Doc. # 4.)  On April 7, 2026,[1] Plaintiff filed an amended complaint.  (Doc. # 5.)  The amended complaint is before the court for screening under § 1915(e)(2)(B).  After screening Plaintiff's amended complaint, this action must be dismissed prior to

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."  *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).  Absent evidence to the contrary, the court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it."  *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).  Plaintiff dated his amended § 1983 complaint "04-07-26."  (Doc. # 5 at 4.) Therefore, his amended complaint is deemed filed on April 7, 2026, even though it was not received and docketed until April 9, 2026.

service of process as frivolous and for failure to state a claim on which relief may be granted pursuant to §§ 1915(e)(2)(B)(i) and (ii).

## II.  STANDARD OF REVIEW

Plaintiff is a prisoner proceeding *in forma pauperis* (IFP).  (*See* Doc. # 3.) Under the IFP provisions of § 1915, any complaint filed is subject to mandatory court review.  Section 1915 requires that the court dismiss a complaint, or any part of it, on its own initiative, if the allegations are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  § 1915(e)(2)(B)(i)–(iii).

A complaint is subject to dismissal under § 1915(e)(2)(B)(i)–(ii) "for both frivolousness and failure to state a claim" if it "lacks even an arguable basis in law." *Toussaint v. U.S. Attorney's Off.*, 2025 WL 2237376, at *3 (11th Cir. Aug. 6, 2025) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)).  A complaint lacks an arguable basis in law when it relies on "an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.  Such claims include those where "it is clear that the defendants are immune from suit and claims of infringement of a legal interest which clearly does not exist." *Id.* (citation omitted).

A complaint also must be dismissed at the statutory screening stage if it fails to state a claim upon which relief may be granted. *See* § 1915(e)(2)(B)(ii).  This review follows the same standard governing dismissals for failure to state a claim

under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). Hence, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To meet the plausibility standard, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "plain statement possessing enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Pro se pleadings are liberally construed and held "to less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, the allegations still "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 557. The court cannot "rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Escambia Cnty.*, 132

3

F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by*, *Iqbal*, 556 U.S. 662.

### III.  THE AMENDED COMPLAINT'S ALLEGATIONS

Plaintiff's amended complaint is no less threadbare than his original complaint.  He claims that his Eighth and Fourteenth Amendment rights are being violated because his medication, which is supposed to be administered every twelve hours, is being "illegally" administered.  (Doc. # 5 at 2–3.)  He provides nine dates, presumably on which his medications were "illegally" administered:  December 21, 2025; February 27, 2026; March 8, 2026; March 9, 2026; March 14, 2026; March 15, 2026; March 20, 2026; April 1, 2026; and April 2, 2026.  (*Id.* at 2.)  He further claims that the entire nursing staff at Staton Correctional Facility "illegally" administers twelve-hour medications and that Ms. Peterson, the Director of Nursing, is "very aware of it."  (*Id.* at 3.)  He asserts that he "can show through the co[m]puter [system] that they a[re] knowingly admin[istering] Dr. ordered med[i]ca[t]ion illegal[l]y," and that the "illegal" administration of his medication could cause harm to him in the future.  (*Id.*)  As relief, Plaintiff requests $50,000 for mental anguish and a court order directing "them" to call him at 4:00 a.m. and 4:00 p.m. so that his medication will be administered as prescribed by the doctor.  (*Id.* at 4.)

## IV.  DISCUSSION

In its Order giving Plaintiff an opportunity to amend his complaint ("amend order"), the court explained the pleading deficiencies (*see* Doc. # 4 at 4–8) and provided Plaintiff with specific instructions on amending the complaint (*id.* at 9). Each of the identified deficiencies and how Plaintiff failed to correct these deficiencies will be addressed in turn.

## A.   **The Named Defendants**

In his original complaint, Plaintiff named three Defendants:  "Yes Care Corp."; the "Director of Nursing Staff"; and the "Nursing Staff at Staton Corr. Facility." (*See* Doc. # 1 at 1, 2.)  Plaintiff names the same three Defendants in his amended complaint, albeit differently:  "Yes Care"; "DON of Nursing Ms. Peterson"; and "Nursing Staff, names not known due to too many."  (Doc. # 4 at 1.)

### 1.   *YesCare:  Municipal Liability*

In the amend order, Plaintiff was informed that YesCare "is treated as a municipality for purposes of § 1983 claims." (Doc. # 4 at 4–5 (quoting *Roy v. Ivy*, 53 F.4th 1338, 1347 (11th Cir. 2022)).)  Plaintiff further was informed that to impose liability on YesCare, he "must show:  (1) that his constitutional rights were violated; (2) that [YesCare] had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation."  (*Id.* at 5 (quoting *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004)).)  As will

be discussed further in Part IV.B, Plaintiff still has not sufficiently alleged a constitutional violation, and even if he had, he has not alleged that YesCare has a custom or policy constituting deliberate indifference, let alone that any custom or policy caused a constitutional violation.   Therefore, despite being afforded an opportunity to amend his complaint, Plaintiff has not stated an Eighth Amendment deliberate-indifference claim against YesCare.

### 2.   *"Nursing Staff":  Impermissible Fictitious-Party Pleading*

Plaintiff changing the Defendant's name from "Nursing Staff at Staton Corr. Facility" to "Nursing Staff, names not known due to too many" still constitutes impermissible fictitious-party pleading.  Plaintiff was put on notice by the amend order that "[a]s a general matter, fictitious-party pleading is not permitted in federal court."  (Doc. # 4 at 5 (quoting *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010)).)  The amend order also explained the Eleventh Circuit's limited exception to the general rule:  "when the plaintiff's description of an unnamed defendant is specific enough to allow service of process on that defendant."  (*Id.* (citing *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992)).)

Plaintiff continues to rely on an overbroad label—"Nursing Staff"—rather than asserting factual allegations against specific, identifiable actors.  Thus, his pleading fails to meet the plausibility standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and likewise fails to state a claim against these

6

purported Defendants.  Moreover, the complaint neither identifies members of nor sufficiently describes the "Nursing Staff."  Instead, he conclusorily asserts that "all the nursing staff at Staton Corr. Facility" are "illegally" administering his medications.  (*See* Doc. # 5 at 3.)  Plaintiff's "description" of these Defendants is insufficient to allow service of process, and it does not fall within the Eleventh Circuit's fictitious-party pleading exception.  Therefore, Plaintiff will not be allowed to proceed against these fictitious-party Defendants.

> ### 3.    *Ms. Peterson, Director of Nursing:  Failure to State a Claim*

Notwithstanding Plaintiff's failure to comply with the vast majority of the amend order, he did, at least, provide the name of the Director of the Nursing Staff: Ms. Peterson.  (*See* Doc. # 5 at 1, 2.)  However, as will be discussed further below, Plaintiff fails to state a claim against Ms. Peterson for deliberate indifference to his serious medical needs.

### B.    Deliberate Indifference to Plaintiff's Serious Medical Needs

As outlined in the amend order, to state an Eighth Amendment claim for deliberate indifference to his serious medical needs, Plaintiff must allege facts that plausibly show that "(1) the injured party suffered a deprivation that was objectively[,] 'sufficiently serious,' and (2) the defendant acted with 'subjective recklessness as used in the criminal law.'"  *Wingo v. WellStar Health Sys., Inc.*, 160 F.4th 1184, 1190 (11th Cir. 2025) (quoting *Wade v. McDade*, 106 F.4th 1251, 1262

(11th Cir. 2024) (en banc)); *see also O'Connor v. Reddish*, 2026 WL 74569, at *3 (11th Cir. Jan. 9, 2026) (per curiam) ("[T]o succeed on his [deliberate-indifference] claim against [the defendant], [the plaintiff] must allege facts that plausibly show that [the defendant] knew that it would seriously jeopardize [the plaintiff's] health to give him a sick-call form instead of referring him for immediate care.  But the facts he asserts don't support that conclusion.").  "To meet the second step, the plaintiff must show that the 'defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff.'" *Wingo*, 160 F.4th at 1190–91 (quoting *Wade*, 106 F.4th at 1262).

Plaintiff's liberally construed deliberate-indifference claim fails at both elements.  First, Plaintiff has not alleged an objectively, sufficiently serious deprivation.  He conclusorily asserts that his Eighth and Fourteenth Amendment rights are being violated because his medication, ordered by a doctor, is being "illegally" administered, which "could cause harm to [him]."  (Doc. # 5 at 2.)  As noted in the amend order, Plaintiff's claim initially failed at this element because "[h]e provide[d] no information about the type of medications, their purpose, how the medications were improperly administered (*e.g.*, too early or too late), and how imperative it is that he take these medications exactly 12 hours apart."  (Doc. # 4 at 8.)  In his amended complaint, Plaintiff does not address these shortcomings and thus has not alleged an objectively, sufficiently serious deprivation.  Second, other than

conclusory assertions that his medication is being administered "illegal[l]y[] by all the nursing staff at Staton Corr. Facility" and that "DON Nurse Peterson is very aware of it" (Doc. # 5 at 3), Plaintiff has not plausibly alleged that Defendants were actually, subjectively aware that their actions pertaining to the administration of his medications posed a substantial risk of serious harm to him.

Consequently, Plaintiff still has not plausibly stated an Eighth Amendment deliberate-indifference claim against Defendants, and this action will be dismissed without prejudice as frivolous and for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

## C.   Futility of Further Amendment

Construed favorably to Plaintiff, the claims in the amended complaint must be dismissed for the reasons explained.  Generally, the district court will afford a *pro se* prisoner an opportunity to amend his complaint at least once, which this court already has granted.  *See Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014).  However, a district court is not required to allow a further amendment that would be futile. *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (per curiam) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam)).  An amendment is considered futile, if the complaint, as amended, "would still be properly dismissed."  *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (citing *Cockrell*, 510 F.3d at 1310).

Plaintiff already has been afforded an opportunity to amend his complaint and was even provided with instructions on how to do so. (*See* Doc. # 4.) Nevertheless, Plaintiff's amended complaint does not comply with those instructions. His allegations remain vague and conclusory; he continues to engage in impermissible fictitious-party pleading (*i.e.*, naming "Nursing Staff" as a Defendant); and he has failed to plausibly allege any violation of his constitutional rights. Accordingly, any further amendment to the complaint would be futile, and leave to amend will not be granted again.

## V. CONCLUSION

Based on the foregoing, it is ORDERED that Plaintiff's 42 U.S.C. § 1983 claims are DISMISSED without prejudice as frivolous and for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

Final judgment will be entered separately.

DONE this 14th day of May, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

10